## Ervin, Appellant, v. Philadelphia Rapid Transit Company.

*Negligence—Street railways—Blind men—Collision with street car—Contributory negligence.*

1. In an action by a blind man against a street railway company to recover damages for personal injuries sustained by a collision with a street car at a crossing, a verdict and judgment for the defendant will be sustained, where the plaintiff testified that he did not hear the car when he started across the street, and the motorman testified that as he approached the crossing at slow speed he saw plaintiff standing in the roadway near the curb apparently looking towards the car, that he did not know plaintiff was blind, that when the car was about its own length from him, plaintiff started swiftly across the street in front of it, that the

witness put on his brake hard, but the fender struck plaintiff's leg just as he was clearing the track, and that the car only ran about three feet after it came in contact with plaintiff.

2. In such a case the trial judge cannot be charged with error in saying to the jury that he saw nothing in the testimony to indicate that the car in question ran at an unusual rate of speed; nor was it error for the court to say that if the plaintiff had been a person with normal eyesight his action would, under the law, have been probably considered contributory negligence; nor was it error to say that it was the duty of plaintiff even though not able to see to exercise as much care as possible for his own protection under the circumstances.

3. An ordinance is properly rejected where its subject matter does not appear, and its relevancy to the issue being tried is not made apparent.

Argued March 22, 1912.  Appeal, No. 206, Jan. T., 1911, by plaintiff, from judgment of C. P. Phila. Co., June T., 1907, No. 2628, on verdict for defendant in case of Thomas H. Ervin v. Philadelphia Rapid Transit Company.  Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Tresspass to recover damages for personal injuries. Before MAGILL J.

The facts are stated in the opinion of the Supreme Court.

At the conclusion of plaintiff's case plaintiff's counsel made the following offer:

Mr. Cadwalader: I offer in evidence the two X-Ray plates.

I want to offer also the Ordinance of 1895.

(Objected to.)

(Objection overruled.)

(Exception to defendant.)

Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned* were (1) ruling on evidence; (2-6) portions of the charge.

*John Cadwalader,* Jr., for appellant.

*Owen J. Roberts,* for appellee.

OPINION BY MR. JUSTICE POTTER, May 22, 1912:

The plaintiff in this case is blind, but has been trained to go about the streets of the city alone. He brought this suit to recover damages for injuries resulting from a collision with a street car, while he was crossing Columbia avenue, on the morning of November 17, 1906. He charged the motorman with negligence in failing to stop his car in time to avoid the collision. The trial judge submitted to the jury the question of defendant's negligence, and the plaintiff's contributory negligence. Upon both of these issues the verdict was in favor of the defendant. The plaintiff could not of course see the car, and he testified that he did not hear it, when he started to cross the street. It was in fact approaching, and was quite near him. The motorman testified that as he approached at slow speed, he saw plaintiff standing in the roadway near the curb, apparently looking towards the car. He did not know plaintiff was blind. When the car was about its own length away from him, plaintiff started swiftly across the street in front of it. The motorman put on his brake hard, but the fender struck the plaintiff's leg just as he was clearing the track. The jury evidently credited this statement. There is no evidence that the car was not under proper control or that the motorman neglected his duty in any way. Not satisfied with the verdict, plaintiff has appealed from the judgment entered thereon. With much earnestness and great pains, his counsel has sought to show that the trial judge erred in the rejection of some testimony, and in charging the jury.

In the first assignment of error, complaint is made of the rejection of a portion of a city ordinance. The record shows the expression of a wish to offer an or-

dinance, but its subject matter did not appear, nor was its relevancy to the issue being tried made apparent. The negligence alleged was in bringing the car up to the crossing without notice or warning of its approach. This charge was met by evidence which satisfied the jury that the motorman had done everything in his power to avoid the accident after its possibility became apparent to him. The provisions of the ordinance could have had no bearing upon this question.

In the second assignment the court is charged with error in saying to the jury that he saw nothing in the testimony to indicate that the car in question ran at an unusual rate of speed. The record fully sustains this statement, as the car only ran about three feet after it came in contact with plaintiff.

In the third assignment it is alleged that the court erred in explaining the difference between affirmative and negative testimony, and in further intimating that the testimony of plaintiff was negative. Here again the record fully bears out the statements of the judge, and his instructions to the jury were timely, and well adapted to aid in securing a proper understanding of the real question at issue. The effort which he made in this respect was most commendable. The jury were rightfully instructed that if the plaintiff had been a person with normal eyesight, his action would, under the law, have been properly considered contributory negligence. Nor do we see any fair grounds for criticising the instruction that it was the duty of plaintiff, even though not able to see, to exercise as much care as possible for his own protection under the circumstances. It was left squarely to the jury to determine whether, in view of his blindness, the plaintiff exercised due care in walking the streets. The sixth point was as follows: "If the jury believe that the blind man was physically and mentally fit to go about alone; and that on the occasion of his injury he was exercising all the

care that a reasonable and prudent blind man should exercise under the circumstances, they cannot find him guilty of contributory negligence." This point was affirmed.

In none of the assignments do we find anything set forth which in any way approaches reversible error. The charge as a whole carefully and impartially sets forth the respective rights and duties of both plaintiff and defendant, and it is evident, from the record of the questions asked by the jury, and the further instructions which they of their own accord requested from the court, that the jury gave unusual and discriminating attention to the just and proper determination of the questions of fact submitted to them.

The assignments of error are overruled, and the judgment is affirmed.